# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BILLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-819-D |
| | ) |
| COMMISSIONER SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for benefits under the Social Security Act. This matter was referred for hearing, if necessary, and for the submission of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and Fed. R. Civ. P. 72(b). The administrative record (Tr.) has been filed, and the appeal has been fully briefed and is ready for disposition. For the reasons set forth below, the undersigned recommends the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

A court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Mays v. Colvin,* 739 F.3d 569, 571 (10th Cir. 2014). Substantial evidence is

"more than a scintilla, but less than a preponderance." *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). The court will consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Id.*; *Bales v. Colvin*, Case No. 13-5147, __ Fed. Appx. __, 2014 WL 3973515 (10th Cir. Aug. 15, 2014). Finally, the court will consider waived all "unspecific, undeveloped, and unsupported" arguments. *Tietjen v. Colvin,* 527 F. App'x 705, 709 (10th Cir. 2013).

## I. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In a decision issued on June 12, 2012, the administrative law judge (ALJ) found that Plaintiff was disabled under the Social Security Act, but that his substance abuse disorder materially contributed to his disability. (Tr. 23-24). She accordingly found that he was not entitled to benefits. (Tr. 23-24). The ALJ found Plaintiff to have the following severe impairments: status post fractured clavicle, status post spleen removal, bipolar disorder, and substance abuse. (Tr. 14). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 16-17). Upon continuing the sequential analysis, the ALJ found Plaintiff to have the following residual functional capacity (RFC):

> [B]ased on all of the impairments, including the substance use disorder, the claimant has the residual functional

> capacity to perform light work as defined in 20 CFR 416.967(b) except that he would only be able to perform simple tasks with routine supervision, could have no contact with the public, could not perform customer service, but would be able to interact appropriately with supervisors and coworkers for work purposes and could adapt to work situations. He would miss more than one day of work monthly.

(Tr. 17). Based upon this RFC finding, the ALJ found that Plaintiff could perform neither any of his past relevant work, nor any other work existing in significant numbers in the national economy. (Tr. 18-19). However, an individual cannot be considered to be disabled if drug abuse or alcoholism (DAA) is "material" to that consideration, and so the ALJ went on to perform a DAA analysis. (Tr. 19-23); *see* 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935(a).

After her DAA analysis, the ALJ found that if Plaintiff stopped "the substance abuse," he "would be able to perform light work, including simple and some complex tasks with routine supervision, could have no contact with the public, could not perform customer service, but would be able to interact appropriately with supervisors and coworkers for work purposes and could adapt to work situations." Thus, the ALJ added the ability to perform "some complex tasks," and eliminated the finding that Plaintiff would be absent from work at least one day a month.[1] (Tr. 21). She then concluded that if there were an absence of substance abuse, there is other work existing in

---

[1] The undersigned has been unable to locate any medical opinion supporting this limitation, and the ALJ does not state what impairment would cause it.

3

significant numbers that Plaintiff would be able to perform. (Tr. 23). Accordingly, the ALJ found Plaintiff not to be disabled. (Tr. 24).

## II. PLAINTIFF'S CLAIM OF ERROR

Plaintiff raises one error on appeal: lack of substantial evidence to support the ALJ's decision. Mr. Billy's Brief in Chief, 3 (hereinafter ECF No. 11:3). In particular, Plaintiff argues that the ALJ's finding that DAA was material to her determination of disability is not supported by substantial evidence. ECF No. 11:4.

Plaintiff first argues that if the ALJ is unable to determine whether substance abuse disorders are a contributing factor material to a claimant's disability, benefits must be awarded. ECF No. 11:5 (citing *Brueggerman v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003)). Plaintiff contends that the ALJ did not cite an opinion from a medical source that his alcohol abuse was a contributing factor to his claim of disability. ECF No. 11:9. Without such an opinion, Plaintiff argues that DAA is not a contributing factor to the determination of disability. ECF No. 11:9.

The Commissioner responds that the claimant has the burden to show that he would be incapable of working even if he stopped using alcohol. Defendant's Social Security Response Brief, 5 (hereinafter ECF No. 14). She contends that the only functional improvements which would occur if Plaintiff were to stop his substance abuse would be in his (1) ability to perform some complex tasks; and that (2) he would not miss one or more days of work monthly. ECF No. 14:6-7.

## III. DISCUSSION

Plaintiff's argument regarding the ALJ's DAA analysis is that the ALJ's factual findings were not supported by substantial evidence in the record; thus, the undersigned applies the familiar standard used to review a substantiality claim. *See, e.g., Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) ("Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)).

An individual cannot be considered to be disabled if drug abuse or alcoholism is "material" to that consideration. 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935(a). The SSA has published policy interpretation rulings, the latest version of which is SSR 13–2p, 78 Fed.Reg. 11939 (Feb. 20, 2013), setting forth the process to be followed in conducting a DAA materiality inquiry.[2] Further, the SSA has provided guidance on the considerations for a DAA materiality inquiry through its Program Operations Manual System. *See* POMS § 90070.050.

Section 416.935, SSR 13–2p, and POMS 90070.050 set forth the applicable

---

[2] Social Security Ruling 13–2p was published on February 20, 2013 and, thus, came into effect after the ALJ's decision in this case was issued. Prior to the publication of SSR 13–2p, the principles discussed herein were substantially set forth in a prior policy interpretation ruling, SSR 82–60, as well as a "teletype" issued by the Commissioner, Emergency Message EM–96200. *See Salazar v. Barnhart,* 468 F.3d 615, 622–23 (10th Cir. 2006). SSR 13–2p superseded both SSR 82–60 and EM–96200. For clarity, the undersigned has referred to SSR 13–2p in this Report and Recommendation; however, it should be recognized that the ALJ did not have the benefit of that ruling when making her decision.

process for an adjudicator to determine whether DAA is a material contributing factor to a claimant's disability. First, the ALJ must decide if the claimant is disabled, following the general disability case development and evaluation procedures and considering the effects of DAA. POMS § 90070.050(B)(1). Second, the ALJ must decide if there is "medical evidence of DAA." *Id.* § 90070.050(B)(2). Finally, if there is medical evidence of DAA, the ALJ must re-evaluate the claimant as if he had stopped using drugs and alcohol, and on that basis decide whether the DAA is a contributing factor material to the disability. *Id.* § 90070.050(B)(3), (D); 20 C.F.R. § 416.935(b)(2); SSR 13–2p, 78 Fed.Reg. at 11941–42. Stated differently, a DAA materiality determination is made only when "the claimant is disabled considering all impairments" and the ALJ has "medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder." SSR 13–2p, 78 Fed.Reg. at 11941; *see also Salazar,* 468 F.3d at 622–26; *Drapeau v. Massanari,* 255 F.3d 1211, 1214 (10th Cir. 2001).

"Medical evidence of DAA" is a specifically defined term for purposes of the Social Security Act. SSR 13–2p, 78 Fed.Reg. at 11944; POMS § 90070.050(C)(1)(a). It means that the evidence is from "an acceptable medical source" and "[i]s sufficient and appropriate to establish that the individual has a medically determinable substance use disorder." POMS § 22505.003(B)(1); POMS § 90070.050(C)(1)(a). "[A] claimant has DAA only if he or she has a medically determinable Substance Use Disorder" as defined in *Diagnostic and Statistical Manual of Mental Disorders* (or "DSM"). SR 13–2p, 78

Fed.Reg. at 11941. "In general, the DSM defines Substance Use Disorders as maladaptive patterns of substance use that lead to clinically significant impairment or distress." *Id.* at 11940 (footnote omitted) (citing *Diagnostic and Statistical Manual of Mental Disorders* (4th ed., text rev. 2000) ("DSM–IV–TR")). As explained further by the SSA:

> (i) As for any medically determinable impairment, we must have objective medical evidence—that is, signs, symptoms, and laboratory findings—from an acceptable medical source that supports a finding that a claimant has DAA. This requirement can be satisfied when there are no overt physical signs or laboratory findings with clinical findings reported by a psychiatrist, psychologist, or other appropriate acceptable medical source based on examination of the claimant. The acceptable medical source may also consider any records or other information (for example, from a third party) he or she has available, but we must still have the source's own clinical or laboratory findings.
>
> (ii) Evidence that shows only that the claimant uses drugs or alcohol does not in itself establish the existence of a medically determinable Substance Use Disorder.... In addition, even when we have objective medical evidence, we must also have evidence that establishes a maladaptive pattern of substance use and the other requirements for diagnosis of a Substance Use Disorder(s) in the DSM. This evidence must come from an acceptable medical source.

SSR 13–2p, 78 Fed.Reg. at 11944.

As support for her determination that DAA was a material contributing factor to Plaintiff's disability, the ALJ noted that Plaintiff had a long history of alcohol abuse and at one time had been in a rehabilitation program for one month. (Tr. 19). However, the

7

ALJ does not point to any medical source that addresses whether Plaintiff would still be disabled if he stopped alcohol use.

The ALJ relies on the following to support her DAA materiality finding. First, the ALJ discussed Plaintiff's "Adult Function Report," (Tr. 206-13), in which she noted his "well-formed handwriting, good use of language, good spelling, and good memory for detail." (Tr. 21). However, she also mentions his self-report of poor sleep or sleeping all day due to sadness, need for hygiene reminders and a pill minder for his medication, his problem with bouncing checks and remembering bills, and his failure to finish things he has started. She states that the medical record showed an alcohol relapse in June 2009, but that "after an adjustment in medications, the medical records consistently showed that the claimant was cooperative and oriented with intact thought, normal speech, appropriate grooming, no hallucination or delusion, no suicidal ideation, normal sleep and appetite." (Tr. 21-22).

However, a review of the medical record does not support the ALJ's summary of the evidence. Plaintiff reported trouble sleeping on several occasions. (Tr. 365, 426, 437, 484, 497, 499). His medical records also show that on at several occasions he was unkempt with poor hygiene. (Tr. 484, 488, 488, 501). Plaintiff also reported hallucinations to his treating physician. (Tr. 497, 499). These same medical records contain the following, which the ALJ did not note in her analysis: depression, anxiety, irritability, constricted affect, anger, frustration with peers, side effects from his bipolar

medications, pressured speech, moodiness, and racing thoughts. (Tr. 418, 425, 443, 457, 488, 497, 499, 501).

The ALJ's discussion of the consultative examining psychologist is truncated to say the least. (Tr. 22). Some of the findings of Dr. Cruse that were not mentioned by the ALJ include tearful speech, tangential thought processes, manic mood, sad affect, average recall, below average memory, and below average judgment. (Tr. 324). Dr. Cruse's conclusion includes the following:

> [Plaintiff] is a manic individual whose current level of functional general intelligence is estimated to be average. Insight appears to be good. Cognitive problems include impairment in immediate memory and behavioral judgment. Mental/emotional disorders include bipolar disorder. Reality contact is impaired. Suicidal/homicidal ideation are not current issues. Alcohol abuse is in early remission. Drug use is in sustained remission.

(Tr. 324). His diagnosis was Bipolar disorder, severe, with psychotic features; alcohol dependence, in early remission, by report; and cocaine dependence, in sustained full remission, by report. (Tr. 325).

The ALJ then explained that she was giving the non-examining state agency consultant's findings "great weight," and then went on to set forth the state agency consultant's finding that Plaintiff's impairments do not preclude him from work. (Tr. 22). The undersigned notes that the state agency consultant's notes do not indicate what, if any, Plaintiff's alcohol abuse would have on his residual functional capacity. (Tr. 354).

This evidence, in and of itself, is inadequate under the Commissioner's policy and guidelines to permit a finding that DAA is a material contributing factor to Plaintiff's disability. While the medical record does include several assessments of substance abuse, they do not themselves constitute objective medical evidence that cessation of alcohol use would affect the finding of disability. The medical record clearly shows a long-standing diagnosis of bipolar disorder—including treatment with various medications, adjusted periodically due to lack of efficacy or side effects.

The undersigned need not reach the question of whether there was substantial evidence to support the ALJ's evaluation of what limitations would remain to Plaintiff if he stopped abusing drugs or alcohol. However, it should be noted that SSR 13–2p provides specific guidance for this type of assessment, particularly where the claimant has a co-occurring mental disorder:

> 7. What do we do if the claimant's co-occurring mental disorder(s) improve in the absence of DAA?
>
> a. Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. *We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol.*
>
> b. *To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA.* Unlike cases involving physical

> impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.
>
> c. We may purchase a CE in a case involving a co-occurring mental disorder(s). We will purchase CEs primarily to help establish whether a claimant who has no treating source records has a mental disorder(s) in addition to DAA. ... We will provide a copy of this evidence, or a summary, to the CE provider.
>
> d. We will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA.

SSR 13-2p.,*Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA)*, 2013 WL 621536, at * 9 (emphasis added).

On remand, the ALJ should evaluate whether Plaintiff would be disabled absent the effects of DAA, following the standards set forth herein and in 20 C.F.R. § 416.935, SSR 13–2p, and POMS 90070.050. On that basis, the ALJ should decide whether DAA is a contributing factor material to Plaintiff's disability.

### **RECOMMENDATION**

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED.**

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **December 1, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on November 17, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE